CARMEN PONCE ET AL. ETC., Petitioners, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1065.   Argued January 27, 1936.—Decided July 8, 1936.

*Virgilio Brunet* for petitioners.   *F. Manuel Toro* for intervener Russell & Co., Sucers., S. en C., plaintiff in principal case.

MR. JUSTICE WOLF delivered the opinion of the Court.

Oscar Ponce, known as Oscar Ramos, was killed in an accident on July 15, 1932. It was accepted by his employer and self-insurer Russell & Co., that the accident was one which gave the employee a right to compensation under the Workmen's Compensation Act of 1928. In order to determine who were the beneficiaries under par. 3 of Act 85 of 1928, and only for that purpose, a hearing was held before the Industrial Commission on March 11, 1933. The proceeding was left open for the presentation, by the supposed beneficiaries, of certain additional documentary evidence to show that they were the true dependent heirs of the deceased

employeee and likewise to show that the employee's real name was Oscar Ponce, the latter not an indispensable matter but advisable to be cleared up as a matter of identification. These things petitioners attempted to do and the Commission, on June 16, 1933, decided that petitioners were the heirs and beneficiaries of the employee and awarded them $1,500.00. The District Court of Mayagüez on review annulled this resolution on the specific ground that the Industrial Commission had no power to determine who were the dependent heirs of a deceased employee, citing *Anacleto Santiago* v. *Industrial Commission,* seemingly of the Mayagüez court, as authority and as a part of the opinion. The court also held that the Commission had no power to determine degrees of kinship. The decision by the district court recited that the record in the case be sent back to the Commission that the law be complied with *(a los efectos de ley.)*

Two days later, on April 6, 1934, the petitioners, accompanying therewith both a judicial declaration of the heirs of the employee that had been obtained and a judicial finding of the real name of the deceased, filed a new motion before the Commission to be declared the beneficiaries under the Act. The employer opposed this motion maintaining that the Industrial Commission was without jurisdiction to entertain it because the decision of the District Court was final and could not be reviewed except by certiorari to the Supreme Court.

On the 18th of January 1935, on motion of the employer, the lower court explained, or attempted to explain, its resolution of April 4, 1934, deciding that it had the effect of a final disposition of the matter and that the record had been returned to the Commission for its permanent filing away. Probably before it was actually notified of this explanatory action of the district court, or perhaps in spite of it, the Commission, on the 21st of January, 1935, and on the strength of the documents presented to it, *ubi supra,* for the second time declared the petitioners to be the

beneficiaries of the deceased employee and granted them $1,500 compensation. A motion for reconsideration was filed and withdrawn before the Commission decided it. On review to the District Court of Mayagüez, that court, on December 6, 1935, annulled and reversed the second resolution of the Commission and sent the record back for its permanent filing away.

Inasmuch as this judgment of December 6, 1935, forms the basis of the present certiorari, we shall analyze its reasoning. The court considered two questions:

1. Did the Industrial Commission have jurisdiction to make its second award?

2. If so, did it follow the procedure prescribed by law?

As to the first question the court finds that the Commission had no jurisdiction. It lays stress on the first resolution of the court and its explanation on January 18, 1935, to the effect that it disposed of the case permanently. The lower court likewise cites par. 15 of the Act of 1928, supra, the last sentence of which reads:

"Decisions of the court shall have the same effect as a judgment rendered in a trial, but there shall be no appeal therefrom."

The ultimate decision was that the petitioners only had the remedy of a certiorari from that first resolution, and having failed in that, they could not go back to the Industrial Commission and obtain further action.

It is thus evident from the reasoning of the lower court that it considered the first resolution a final disposition of the matter. The action of the petitioners in going back to the Commission was the natural one. The court at the time of its first decision only had before it the question of the identity of the beneficiaries. It found that the administrative body in determining the heirs had acted without power and indicated to some extent how such lack might have been cured. The court originally decided nothing to the effect that the Commission had exhausted its powers. In our opin-

ion, therefore, the only effect that the first resolution of the lower court had, or could have, was to deny recovery to these petitioners if they failed to prove their identity before the Commission in a more formal manner. With one possible exception, there is nothing in the Act which forbids a beneficiary from presenting judicial proof of his character as an heir in order to cure the only defect to which his claim is subject. The court's subsequent interpretation of the effect of its resolution, however, was not justified because the whole case originally had not been before it but merely an isolated question of law, i. e., the power of the Commission to determine the heirs. The Commission, it would seem, was not reviewing the resolution of the district court or acting in violation of it. On the contrary, it was trying to follow the indication made by the court.

The supposed exception to which we referred is section 20 of the Act, *supra*, which reads:

"In any case where it is necessary to determine the heirs of a deceased workman, the Commission shall so notify the Attorney General so that the District Attorney of the proper district court, or any law clerk authorized to act as district attorney, may prosecute the case until a declaration of heirs of the deceased laborer is obtained, which declaration shall be forwarded to the Commission; *Provided,* That these proceedings shall be prosecuted urgently by the courts, without need of including them in the special calendar; *And provided, further,* That neither the court nor its officers shall charge any fee or costs whatever for such prosecution and declaration, nor for such certifications as they may issue for the use of the Commission. Civil Registry Keepers of the civil register shall issue all certificates necessary for the purpose, free of charge."

This provision to our minds is purely for the protection and conveniences of poor litigants, who form the majority of claimants under the Workmen's Compensation Act. It does not prevent claimants from obtaining their own declaration of heirs if they choose to pay for it.

Some reliance is placed on the following section:

"Section 13.—If a claim for review is filed under the preceding section, the Industrial Commission shall hear the parties and may hear evidence in regard to pertinent matters and may revise the decision in whole or in part, or refer any matter back to the Commissioner for further findings of fact, and shall file its decision with the records of the proceedings and shall notify the parties. No party shall, as of right, be entitled to a second hearing upon questions of fact.''

The court emphasizes the last sentence and claims that its precept was violated. Without considering the ambiguity of the section there was clearly no second hearing of the facts.

The question, if any, was one of law, for the fact of heirship could not be passed on by the Commission. The section necessarily refers to matters of fact over which the Commission has jurisdiction.

As to the objection that Russell & Co. was not given an opportunity to attack the admissibility of the documents presented, one can say that the firm was notified of the motion of the beneficiaries and merely attacked the jurisdiction of the Commission to entertain it. Their admissibility could have been passed on by the district court if it had been brought to its attention by Russell & Co.

The law, perhaps, might have been differently couched to give the Commission wider powers, but we think, that when a case of this sort comes before it, after an award of the Commission, a district court has plenary power to see that the rightful heirs get the benefit of the award. This is the spirit of the act.

The order of December 6, 1935, should be annulled and the case sent back for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.